UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LARRY W.  BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.  1:05cv353 |
| | ) | |
| JOHN E.  POTTER, Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a "Motion to Dismiss for Lack of Subject Matter Jurisdiction", filed by the defendant John E.  Potter, Postmaster General ("Potter"), on February 2, 2006.  The plaintiff, Larry W.  Bryan ("Bryan"), responded to the motion on February 15, 2006, to which Potter replied on February 21, 2006.

For the following reasons, the motion to dismiss will be granted.

Discussion

Bryan initiated this Title VII and Age in Employment Discrimination Act (ADEA) action against Potter in the Allen Superior Court on or about September 13, 2005. Potter timely removed the action to the United States  District Court, Northern District of Indiana, Fort Wayne Division, on October 6, 2005.

Potter has moved this Court to dismiss this suit because, under the derivative jurisdiction doctrine applicable to removal under 28 U.S.C. § 1442, subject matter jurisdiction is lacking. Potter argues that subject matter jurisdiction is absent in this Court because the state court lacked subject matter jurisdiction since plaintiff failed to "file" this suit within the statute of limitations

applicable to Title VII suits against a federal employer.[1]

The doctrine of derivative jurisdiction provides that "where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction". State of Minnesota v. United States, 305 U.S. 382, 389 (1939); Arizona v. Manypenny, 451 U.S. 232, 242 N.17 (1981); Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The doctrine applies to cases removed to federal court under 28 U.S.C. § 1442. See, e.g. Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The state court's lack of jurisdiction flows from plaintiff's failure to have "filed" the instant action timely in state court, because counsel failed to timely comply with the provisions of 39 U.S.C. § 409(b) and Rule 4(I) of the Fed. R. Civ. P. which govern proper service of process on the USPS.

Title VII is the exclusive remedy for discrimination suits against federal agencies by federal employees. 42 U.S.C. § 200e-16 (c). Specifically, 42 U.S.C. 2000e-16(c) allows a federal employee to file a discrimination suit "as provided in section 2000e-5 of this Title". 42 U.S.C. § 2000e-16(c).  Further, 42 U.S.C. § 2000e-5 confers jurisdiction for such suits in the district courts. 42 U.S.C. § 2000e-5(f)(3). In this case, Bryan initiated his suit against Potter in state court. With regard to service, federal law obligated Bryan to serve the entities outlined in Rule 4 (I) of the Fed. R. Civ. P., even if he sued in state court. 39 U.S.C. § 409(b); See Finch v. Small

---

[1]  The ADEA is silent on the time required to file a civil action in district court. However, case law holds that the time limits for civil actions with respect to Title VII shall apply.  Stevens v.  Department of Treasury, 500 U.S. 1 (1991); Edwards v.  Shalala, 64 F.3d 601 (11th Cir.  1995); Long v.  Frank, 22 f.3d 54 (2nd Cir.  1994); Lavery v.  Marsh, 918 F.2d 1022 (1st Cir.  1990); see Rossiter v.  Potter, 357 F.3d 26, 30 (1st Cir.  2004)(Title VII statute of limitations applies when plaintiff elects to proceed with administrative process).

<u>Business Administration of Richmond, Va.</u>, 112 S.E.2d 737 (N.C. 1960); <u>United States v.</u>
<u>McNeil</u>, 661 F.Supp. 28 (E.D. KY 1987); <u>United States v. Rockland Trust Company</u>, 860
F.Supp. 895, 897 n.3 (D. Mass.1994). Title 39 U.S.C. § 409(b) defines the "necessary" parties to
be served when suing the Postal Service and provides as follows:

> (b) Unless otherwise provided in this title, the provisions of title 28
> relating to service of process, venue, and limitations of time for
> bringing action in suits in which the United States, its officers, or
> employees are parties, and rules of procedure adopted under title
> 28 for suits in which the United States, its officers, or employees
> are parties, shall apply in like manner to suits in which
> the Postal Service, it officers, or employees are parties. 39 U.S.C. §
> 409(b).

Further, under state law Bryan's complaint is not deemed "filed" until he complies with these
service requirements. <u>See</u> <u>Ray-Hayes v. Heinamann</u>, 760 N.E.2d 172, 174 (2002)(Complaint is
not deemed filed until all necessary summonses have been tendered to the clerk). <u>See</u> <u>Rockland</u>,
897, n.3.

 Pursuant to Rule 4(I) of the Fed. R. Civ. P., in order to effectively serve the United States
and its agencies, plaintiff must serve the United States Attorney for the district in which the
action is brought (or Assistant United States Attorney, clerk, or service process clerk designated
by the US Attorney), the Attorney General of the United States, and the agency. The state court
records indicate that the plaintiff tendered to the state court clerk three summonses for postal
employees only, and served only them. Neither the United States Attorney, nor the Attorney
General was served as required by Rule 4(I).

 Potter acknowledges that 28 U.S.C. § 1448 provides that after removal, incomplete or
defective process may be completed or corrected by re-issuance. However, as Potter argues, the
issue is not whether this court can now correct defective service, but whether it can confer

jurisdiction on a state court that had none. In this case it cannot, because prior to removal, the case was deemed "dead" under state law before it was removed, and it cannot now be resurrected by the removal and 28 U.S.C. § 1448. <u>Morton v. Meagher</u>, 171 F.Supp.2d 611, 615 (E.D.Va. 2001); <u>Witherow v. Firestone Tire and Rubber Co.</u>, 530 F.2d 160 (3rd. Cir. 1976); In determining whether an action is viable, prior to removal, state law must be applied. <u>Morton</u> at 615; <u>Witherow</u> at 168; <u>See</u> <u>Romo v. Gulf Stream Coach, Inc.</u>, 250 F.3d 1119 (7th Cir. 2001); <u>Oiler v. Biomet Orthopedics</u>, 2003 WL 22228574 (E.D. La. 2003).

Indiana law for commencement of an action where service of process is needed, requires that the "necessary" summonses be furnished to the clerk at the time the complaint is filed. Rule 3 of the Indiana Rules of Court, Rules of Trial Procedure. Further, under Indiana law, a civil action is not deemed commenced, even if plaintiff files his complaint within the applicable statue of limitations, unless all "necessary" summonses are tendered to the clerk within the statute of limitations for the action. Rule 3; <u>Ray-Hayes v. Heinamann</u>, 760 N.E.2d 172, 174 (2002); <u>Fort Wayne Intern.Airport v. Wilburn</u>, 723 N.E.2d 967 (2000). The applicable period of time for plaintiff to commence his Title VII and ADEA actions in court is found at 42 U.S.C. § 2000e-16(c), which provides that the action be commenced in court within ninety (90) days after receiving the notice of Final Agency Decision.

Bryan received his Final Agency Decisions on or about June 30, 2005, and September 1, 2005. (Complaint ¶ 5, Exhibits B, C, and D).  Bryan's notice told him to file his action in district court within ninety (90) days. (Exhibits C and D). Instead, Bryan chose to file his action in state court on September 13, 2005, and on the same date tendered summonses for postal employees. Because Bryan attempted to commence his action against Potter in state court, the "necessary"

summonses were defined by 39 U.S.C. § 409(b), and not state procedural rules. However, on the date he filed his complaint, September 13, 2005, Bryan tendered summonses only for postal employees. Court records show that Bryan did not tender "necessary" summonses for the United States Attorney or the Attorney General as required by Rule 4(I) of the Fed. R. Civ. P. and 39 U.S.C. § 409. The ninety (90) day period for plaintiff to file his civil action expired on or about September 30, 2005 for Exhibit C and December 1, 2005 for Exhibit D. This case was removed by Potter on October 6, 2005, after Bryan's ninety (90) day period for bringing his Title VII and ADEA actions expired with reference to Exhibit C.  Bryan's ninety day period with respect to Exhibit D expired after the case was removed.  Potter asserts that as the time has expired and Bryan has made no effort to correct service, his claims with respect to Exhibit D should also be dismissed.

Because, Bryan's Title VII and ADEA actions with reference to Exhibit C were never considered "commenced" in state court, and could never have been deemed "commenced" after the ninety (90) day period expired, they would have been dismissed by the state court. Rule 3 of the Indiana Rules of Court Rules of Trial Procedure; Ray-Hayes v. Heinamann, 760 N.E.2d 172, 174 (2002). Thus, Bryan's Title VII action was "dead" in state court before it was removed.  See Morton v.  Meagher, 171 F.Supp.2d 611, 615 (E.D. Va. 2001). (A case is "dead" in state court if service is not effected within the time frame prescribed by statute).  Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998); Morton at 615.

Additionally, with respect to claims set forth in Exhibit D, although they were timely submitted to the state court, the state court never obtained jurisdiction over any of the claims because the complaint was never deemed filed (due to improper service).  As Potter notes, 28

U.S.C. § 1448 is not designed to confer subject matter jurisdiction where none previously existed.  Allen v.  Ferguson, 791 F.2d 611, 615 (7th Cir.  1986).

Because this court does not have subject matter jurisdiction over this action, this court has no authority to allow Bryan to cure an ineffective service of process.  State of Minnesota v.  United States, 305 U.S. 382, 389 (1939); Edwards v.  United States Department of Justice, 43 F.3d 312, 316 (7th Cir.  1994); Morton at 611.  Accordingly, this case must be dismissed in its entirety.

<u>Conclusion</u>

Based on the foregoing, Potter's motion to dismiss is hereby GRANTED.


 Entered: March 21, 2006.


                                        s/ William C.  Lee
                                        William C. Lee, Judge
                                        United States District Court

6